**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5396-16T2

IN THE MATTER OF THE ESTATE
OF CHARLOTTE GLUCK,
DECEASED.

_____

Argued September 26, 2018 – Decided March 25, 2019

Before Judges Nugent and Mawla.

On appeal from Superior Court of New Jersey, Chancery Division, Bergen County, Docket No. P-000404-16.

Lawrence B. Litwin argued the cause for appellant Margery Gluck.

Thomas A. McKinney argued the cause for respondent Administrator of the Estate of Charlotte Gluck (Waldman, Renda & McKinney, PA, attorneys; Thomas A. McKinney, on the brief).

PER CURIAM

This action involves the Administrator's final accounting for the Estate of Charlotte Gluck. Appellant, Margery Gluck, decedent's daughter and a beneficiary, appeals from two orders. The first order entered final judgment,

allowed certain fees and commissions, and required that the Estate of Charlotte Gluck be distributed in accordance with a Memorandum of Settlement signed by appellant, the other beneficiaries, the parties' attorneys, and the mediator.[1] The second order denied appellant's motion for attorney's fees. For the reasons that follow, we affirm.

Charlotte Gluck died in September 2014, leaving a will in which she appointed as administrators her children, appellant, Laurie Gluck Zeitman, and Eric S. Gluck. They renounced. The Bergen County Surrogate appointed David Waldman the estate's administrator. In November 2016, he filed a "Verified Complaint for Settlement of Administrators [sic] Final Account and the First and Final Account." Margery Gluck and Eric S. Gluck filed exceptions.

The parties agreed to mediate their dispute. They settled the dispute in May 2017, following mediation. The Memorandum of Settlement provided, "this Agreement confirms the final resolution of the above matter after Mediation and is to be considered as binding and final as to the parties whose names and signature appear below." It further provided, "[t]he Administrator's commission and the claims of all parties for attorney['s] fees shall be decided by

---

[1] Charlotte Gluck's daughter, Laurie Gluck Zeitman, represented herself.

the court." As noted, the parties, their attorneys, and the mediator signed the Memorandum of Settlement.

In June 2017, the month following the settlement, appellant's attorney filed a motion and certification in opposition to the Administrator's Final Accounting and Commission. In his certification, the attorney challenged the Administrator's commission because it was based in part on a valuation of $348,000 for stock in a co-op apartment. According to the attorney's certification, the stock was to be sold for $60,000. The attorney asserted the Administrator's commission should be reduced by the difference between the unit's valuation and the unit's sales price. The attorney also contended the Administrator established the original valuation, that is, the sales price, based on a realtor's comparative market analysis rather than "an MAI, or another Appraiser bearing another designation."

In addition, the attorney argued the Administrator's commission should be reduced because one of the beneficiaries had lived in the decedent's "Unit" for twenty months, but the Administrator kept no records to document the duration of the beneficiary's stay or his obligation to pay rent of $68,638.83. The attorney alleged that as a result of the lack of documentation, the claim was settled for $30,000 during mediation.

A-5396-16T2

The attorney sought payment of his counsel fees under Rule 4:42-9(a)(3), which authorizes a fee award, among other cases, if probate is refused or if probate is granted and the applicant had reasonable cause for contesting a will's validity. The record suggests the attorney subsequently argued that his counsel fee should be paid pursuant to Rule 4:42-9(a)(2) out of a fund in court.

In an oral opinion, the Chancery Division, Probate Part judge denied appellant's motion, rejected her arguments concerning the reduction of the Administrator's commission, and also rejected her application for counsel fees. Appellant filed this appeal from the memorializing orders.

On appeal, appellant argues:

POINT I

> THE ADMINISTRATOR ACTED NEGLIGENTLY AND BREACHED HIS FIDUCIARY DUTY. RESPECTFULLY, THE TRIAL COURT WAS INCORRECT.

POINT II

> PLAINTIFF IS ENTITLED TO REASONABLE ATTORNEY FEES.

We affirm, substantially for the reasons expressed by the Chancery Division, Probate Part judge in his oral opinion. Appellant's arguments are based on her attorney's certification. The allegations in the certification

4

concerning the value of the co-op unit and the rent due by one of the other heirs are unsupported by competent evidence, an expert's opinion, or applicable legal precedent. These arguments and appellant's arguments concerning attorney's fees are without sufficient merit to warrant further discussion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5396-16T2